**E-FILED**
Friday, 08 August, 2014  02:41:53 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| CENTRAL ILLINOIS CARPENTERS HEALTH AND WELFARE FUND, By and Through Its Board of Trustees; )<br><br>CARPENTERS PENSION FUND OF ILLINOIS, By and Through Its Board of Trustees; )<br><br>    and )<br><br>CARPENTERS RETIREMENT SAVINGS FUND OF ILLINOIS, By and Through Its Board of Trustees; )<br><br>    and )<br><br>HEARTLAND HEALTHCARE FUND, By and Through Its Board of Trustees; )<br><br>    and )<br><br>MID-CENTRAL ILLINOIS REGIONAL COUNCIL OF CARPENTERS-JOINT APPRENTICESHIP & TRAINING COMMITTEE, and MID-CENTRAL ILLINOIS REGIONAL COUNCIL OF CARPENTERS, and CARPENTERS INTERNATIONAL TRAINING FUND, and CARPENTERS LABOR MANAGEMENT EDUCATION & DEVELOPMENT FUND, and MID-CENTRAL ILLINOIS REGIONAL COUNCIL OF CARPENTERS PROMOTIONS FUND, and MID-CENTRAL ILLINOIS JOINT LABOR MANAGEMENT SUBSTANCE ABUSE TESTING & ASSISTANCE FUND, and MILLWRIGHT LOCAL 1051 BUILDING FUND, and MILLWRIGHT LOCAL 1051, and MID-CENTRAL MILLWRIGHT CONTRACTORS ASSOCIATION, and CENTRAL ILLINOIS CARPENTERS RETIREMENT SAVINGS FUND, | Cause No. |

|                              |     |
|------------------------------|-----|
| Plaintiffs,                  | )   |
|                              | )   |
| v.                           | )   |
|                              | )   |
| MILLWRIGHT SERVICE, INC.     | )   |
|                              | )   |
| Defendant.                   | )   |

## COMPLAINT

COME NOW Plaintiffs, CARPENTERS PENSION FUND OF ILLINOIS, CARPENTERS RETIREMENT SAVINGS FUND OF ILLINOIS, CENTRAL ILLINOIS CARPENTERS HEALTH AND WELFARE FUND, HEARTLAND HEALTHCARE FUND, MID-CENTRAL ILLINOIS REGIONAL COUNCIL OF CARPENTERS-JOINT APPRENTICESHIP & TRAINING COMMITTEE, MID-CENTRAL ILLINOIS REGIONAL COUNCIL OF CARPENTERS, CARPENTERS INTERNATIONAL TRAINING FUND, CARPENTERS LABOR MANAGEMENT EDUCATION & DEVELOPMENT FUND, MID-CENTRAL ILLINOIS REGIONAL COUNCIL OF CARPENTERS PROMOTIONS FUND, MID-CENTRAL ILLINOIS JOINT LABOR MANAGEMENT SUBSTANCE ABUSE TESTING & ASSISTANCE FUND, MILLWRIGHT LOCAL 1051 BUILDING FUND, MILLWRIGHT LOCAL 1051, MID-CENTRAL MILLWRIGHT CONTRACTORS ASSOCIATION and CENTRAL ILLINOIS CARPENTERS RETIREMENT SAVINGS FUND, by and through undersigned Counsel, and for Count I of their Complaint against Defendant, MILLWRIGHT SERVICE, INC., state as follows:

## Parties

1.      Plaintiff Carpenters Pension Fund of Illinois (hereinafter "Pension Fund") is an employee benefit plan within the meaning of Sections 3(1) and (3), 502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. § 1002(1), (3), 1132

and 1145.  The Pension Fund's Board of Trustees are fiduciaries within the meaning of Section 3(21)(A) and 502 of ERISA, 29 U.S.C. §§ 1002(21)(A) and 1132 and are authorized to maintain this cause of action pursuant to Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3), to enforce the terms of an ERISA plan.

2.    Plaintiff Carpenters Retirement Savings Fund of Illinois (hereinafter "Retirement Savings Fund") is an employee benefit plan within the meaning of Sections 3(1) and (3), 502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. § 1002(1), (3), 1132 and 1145.  The Retirement Savings Fund's Board of Trustees are fiduciaries within the meaning of Section 3(21)(A) and 502 of ERISA, 29 U.S.C. §§ 1002(21)(A) and 1132 and are authorized to maintain this cause of action pursuant to Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3), to enforce the terms of an ERISA plan.

3.    Plaintiff Central Illinois Carpenters Health and Welfare Fund (hereinafter "Welfare Fund") is an employee benefit plan within the meaning of Sections 3(1) and (3), 502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. § 1002(1), (3), 1132 and 1145.  The Welfare Fund's Board of Trustees are fiduciaries within the meaning of Section 3(21)(A) and 502 of ERISA, 29 U.S.C. §§ 1002(21)(A) and 1132 and are authorized to maintain this cause of action pursuant to Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3), to enforce the terms of an ERISA plan.

4.    Plaintiff Heartland Healthcare Fund (hereinafter "Heartland Healthcare Fund") is an employee benefit plan within the meaning of Sections 3(1) and (3), 502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. § 1002(1), (3), 1132 and 1145.  The Welfare Fund's Board of Trustees are fiduciaries within the meaning of Section 3(21)(A) and 502 of ERISA, 29 U.S.C. §§ 1002(21)(A) and 1132 and are authorized to

3

maintain this cause of action pursuant to Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3), to enforce the terms of an ERISA plan.

5.     Together, the Pension Fund, Retirement Savings Fund and Welfare Fund shall be referred to as the "Plaintiff Funds."

6.     The Welfare Fund has been duly authorized to act as an agent in the collection of contributions due to Plaintiffs Mid-Central Illinois Regional Council of Carpenters-Joint Apprenticeship & Training Committee ("Training Fund"); Mid-Central Illinois Regional Council of Carpenters ("Mid-Central Illinois Regional Council"), Carpenters International Training Fund ("International Training Fund"); Carpenters Labor Management Education & Development Fund ("Development Fund"); Mid-Central Illinois Regional Council of Carpenters Promotions Fund ("Promotions Fund"); Mid-Central Illinois Joint Labor Management Substance Abuse Testing & Assistance Fund ("Substance Abuse Fund"); Millwright Local 1051 Building Fund ("Local 1051 Building Fund"), Millwright Local 1051 ("Local 1051"), Mid-Central Millwright Contractors Association ("Mid-Central Millwright Contractors Association")' and Central Illinois Carpenters Retirement Savings Fund ("Savings Fund"), which are collectively-bargained funds, separate labor-management cooperatives, or labor organizations and to which Defendant agreed to make contributions on behalf of certain of its employees.

7.     Defendant Millwright Service, Inc. ("Defendant," or "Millwright") is an Iowa Corporation authorized to do business in the State of Illinois and maintaining its principal place of business at 2363 53rd Street, Fort Madison, Iowa 52627.

8.     Defendant is, was and at all relevant times has been, an employer in an industry affecting commerce within the meaning of Sections 3(5), (11), (12) and 515 of ERISA, 29 U.S.C.

§§ 1002(5), (11), (12) and 1145 and of §§ 2(2), (6) and (7) of the Labor-Management Relations Act of 1947 ("LMRA"), as amended, 29 U.S.C. §§ 152(2), (6) and (7).

## Jurisdiction and Venue

9.    This Court has jurisdiction over Plaintiffs' claims by virtue of Sections 502(a)(3) and 515 of ERISA, 29 U.S.C. § 1132(a)(3) and 1145, in that the Plaintiff Funds' respective Boards of Trustees are fiduciaries who seek to enforce the provisions of the Plaintiff Funds and pursuant to § 301(a) and (c) of the LMRA, 29 U.S.C. § 185(a) and (c), in that the Plaintiff Funds, the Training Fund, Development Fund, Promotions Fund,  Substance Abuse Fund, Local 1051 Building Fund, Local 1051, Mid-Central Millwright Contractors Association, Mid-Central Illinois Regional Council, International Training Fund, and Savings Fund are suing for breaches of contract(s) between an employer and a labor organization.

10.    This Court has personal jurisdiction over Defendant pursuant to ERISA § 502(e), 29 U.S.C. § 1132(e) and pursuant to § 301 of the LMRA, 29 U.S.C. § 185(a).

11.    Venue is proper in this Court pursuant to ERISA Section 502(e)(2), 29 U.S.C. § 1132(e)(2) and § 301 of the LMRA, 29 U.S.C. § 185, in that Defendant may be found within the jurisdiction of this Court and because the acts and omissions complained of herein occurred or are occurring within the jurisdiction of this Court.

## Facts Common To All Counts

12.    At all times relevant to this Complaint, Defendant has been the employer is and/or was signatory to one or more valid and binding collective bargaining agreements with the United Brotherhood of Carpenter and Joiners of America ("UBC"), and/or its affiliated district councils, and/or local labor unions, including the Mid-Central Illinois Regional Council of Carpenters

("Regional Council"). Defendant is signatory to at least the Millwright Maintenance Agreement and the National Power Generation Maintenance Agreement ("Agreements").

13. The Agreements bind the Defendant to the terms and provisions of certain Trust Documents establishing the Plaintiff Funds and further obligate Defendant to report and pay contributions to the Plaintiff Funds at specified hourly rates for hours worked by its employees in covered employment within the jurisdiction of the Regional Council and its affiliated local labor unions.

14. Pursuant to the Agreements, Defendant is further obligated to deduct certain amounts from the gross pay of its employees engaged in covered employment within the jurisdiction of the Regional Council and its affiliated local labor unions, and to transmit those contributions to the Welfare Fund as collection agent on behalf of the Training Fund, Development Fund, Promotions Fund,  Substance Abuse Fund, Local 1051 Building Fund, Local 1051, Mid-Central Millwright Contractors Association, Mid-Central Illinois Regional Council, International Training Fund, and Savings Fund.

15. The Trust Documents adopted by the Trustees of the Plaintiff Funds and to which Defendant is bound and required to comply, specifically provide that in the event a signatory contractor fails to submit timely reports of hours, or payments of contributions due, the contractor shall be liable to the Plaintiff Funds for the contributions due, as well as interest, liquidated damages, court costs, auditing and/or accounting fees and attorneys' fees and costs.

16. The Agreement(s) and/or Trust Documents authorize the Trustees to conduct audits of signatory contractors from time to time.

17. Audits are further within the scope of appropriate equitable relief in an action pursuant to ERISA § 502, 29 U.S.C. § 1132.

18.     In or about June 2014, Plaintiffs made demand upon Defendant for an audit of its records.

19.     Defendant, however, has failed and refused without good cause to allow an audit to take place.

20.     Inasmuch as Defendant has failed and refused to allow an audit to take place, Plaintiffs have no adequate remedy at law, and are suffering and will continue to suffer, immediate and irreconcilable injury and damage, unless Defendant is ordered to submit to an audit.

21.     Plaintiffs are further entitled to an award of contributions determined to be due by audit, along with Liquidated Damages, interest, auditing and accounting fees, attorneys' fees and costs.

WHEREFORE, Plaintiffs respectfully pray that the Court:

a.      Enter Judgment for Plaintiffs and against Defendant;

b.      Enter an interlocutory Order that Defendant submit its records to an audit;

c.      Enter an Order awarding Plaintiffs any and all contributions determined to be due by the audit;

d.      Enter an Order awarding Plaintiffs Liquidated Damages and interest;

e.      Enter an Order awarding Plaintiffs their auditing and/or accounting fees;

f.      Enter an Order awarding Plaintiffs their attorneys' fees and costs;

g.      Enter an Order awarding Plaintiffs appropriate post-judgment interest;

h.      Enter Orders for such further relief as the Court deems proper in the premises.

Respectfully Submitted,

By:   /s/  James R. Kimmey
      JAMES R. KIMMEY, ARDC 6314932
      **CAVANAGH & O'HARA LLP**
      Attorneys For Plaintiffs
      333 Salem Place, Suite 240
      Fairview Heights, IL  62208
      Telephone (618) 726-2530
      Facsimile (618) 726-2533
      jaykimmey@cavanagh-ohara.com


By:   s/ Jacob A. Blickhan
      JACOB A. BLICKHAN
      **CAVANAGH & O'HARA LLP**
      Attorneys for Plaintiffs
      407 E. Adams Street
      Post Office Box 5043
      Springfield, IL 62705
      Telephone (217) 544-1771
      Facsimile (217) 544-9894
      jacobblickhan@cavanagh-ohara.com